UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JACQUES GODWIN, | 1:12-CV-00317 AWI GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| G. LEWIS, Warden, | [Doc. #11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by plea of guilty on January 4, 2010, to four counts of battery by a prisoner and one count of resisting arrest. See Lodged Doc. No. 1.[1] Id. On February 1, 2010, Petitioner was sentenced to serve a determinate term of 9 years in state prison. Id. Petitioner did not appeal the conviction.

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the

---

[1] "Lodged Doc." refers to the documents lodged by Respondent in support of the motion to dismiss.

state courts, all petitions for writ of habeas corpus, as follows:

    1.    <u>Kern County Superior Court</u>
          Filed: April 17, 2011[2];
          Denied: June 14, 2011;

    2.    <u>California Court of Appeals, Fifth Appellate District</u>
          Filed: June 20, 2011;
          Denied: July 14, 2011;

    3.    <u>California Supreme Court</u>
          Filed: July 25, 2011;
          Denied: December 14, 2011.

<u>See</u> Lodged Docs. Nos. 2-7.

On February 26, 2012, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On May 25, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On June 18, 2012, Petitioner filed an opposition to Respondent's motion to dismiss. Respondent filed a reply on July 25, 2012.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

---

[2] Pursuant to the mailbox rule, the Court deems the various petitions filed on the date they were signed and presumably handed to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001).

1    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
2 one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
3 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
4 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
5 dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 26, 2012, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct

review became final. Here, judgment was rendered on February 1, 2010, and Petitioner did not file an appeal. Pursuant to Rule 8.308 of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Because Petitioner did not file a notice of appeal, his direct review concluded on April 2, 2010, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year until April 2, 2011, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). In this case, Petitioner delayed filing the instant petition until February 26, 2012, over ten months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations ran from April 3, 2010, to April 2, 2011. Petitioner did not file any state habeas petitions within the limitations period. He did file several state habeas petitions but they were filed after the limitations period had already expired. They could not operate to revive the limitations period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Accordingly, Petitioner is not entitled to statutory tolling and the federal petition remains untimely. 28 U.S.C. § 2244(d).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997).  Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  In his opposition, Petitioner claims he should be entitled to equitable tolling because: 1) He was denied access to the law library to research his state habeas petition from March of 2010 to August of 2010 because he was housed in administrative segregation, and also from August of 2010 to December of 2010 because he did not have a current case in court; and 2) He suffers from mental incompetence and mental illness which rendered him incapable of performing many daily activities.  Respondent argues these circumstances were not so extraordinary as to entitle Petitioner to equitable tolling.  The Court will address each claim for tolling in turn.

1. Access to Law Library and Legal Research

Petitioner claims that he was housed in administrative segregation from March of 2010 to August of 2010.  He claims he was unable to prepare any legal pleadings during this time because he was denied access to legal research.  Also, from the period of August 2010 to December 2010, he claims he was denied access because he did not have a current case in court.

Respondent contends these circumstances are insufficient to justify equitable tolling, and this Court agrees.  Petitioner offers no specifics on when he was denied access to the law library or legal research or how any of these instances interfered with his ability to timely file his federal petition. See Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir.2008) ("an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence"); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (conclusory allegations are insufficient).  Additionally, there exists a law library paging system that an inmate, who is otherwise unable to access the law library, may utilize to secure legal materials.  See California Department of Corrections and Rehabilitation

1  Department Operations Manual § 101120.10.  While Petitioner may have been frustrated in his
2  attempts to attend the law library because of his placement, he fails to show he was thwarted in his
3  attempts to secure legal materials through the paging system or any other means, or even that he
4  attempted to use the paging system.

5　　　　Moreover, Petitioner fails to sustain his burden of showing his own diligence and that the
6  hardship that was caused by lack of access was an extraordinary circumstance that caused him to file
7  his petition late. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1012-14 (9th Cir.2009), *cert.*
8  *denied*, 130 S.Ct. 244 (2009).  As pointed out by Respondent, by Petitioner's own account, he was
9  only unable to access legal research material from March of 2010 to December of 2010.  The
10 limitations period did not expire until April 2, 2011.  Petitioner had several months of unimpeded
11 access in which to timely comply with the limitations period.  Therefore, equitable tolling is
12 unwarranted.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) (petitioner must show that
13 extraordinary circumstances were the actual *cause* of his untimeliness); Lott v. Mueller, 304 F.3d
14 918, 922-23 (9th Cir.2002) (court must examine whether, notwithstanding extraordinary
15 circumstances, the petitioner could have filed a timely petition); see also Pace v. DiGuglielmo, 544
16 U.S. at 410-11, 419 (a petitioner must demonstrate he exercised diligence at all times prior to filing
17 the federal petition to qualify for equitable tolling).

18　　　　Furthermore, the Court notes that Petitioner filed an administrative appeal on October 29,
19 2010, which was six months into the limitations period. (See Resp't's Mot. Dismiss, Ex. B.)
20 Petitioner was requesting *double* the normal library access time allotted. (Id.)  Petitioner's request for
21 double time was denied.  (Id.)  Significantly, the appeal noted that Petitioner had been given priority
22 access but he refused to leave his cell on the appointed date.  (Id.)  In light of this record, it is
23 apparent Petitioner was not denied access to the law library during the relevant time period.

24　　　2.  Mental Incompetence

25　　　　The Ninth Circuit has held mental incompetence to be an extraordinary circumstance beyond
26 a prisoner's control.  See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir.2003).  Therefore, where "a
27 habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing
28 deadline, his delay was caused by an extraordinary circumstance beyond [his] control." Id. (internal

1   quotation marks omitted).  Under Ninth Circuit law, a petitioner must satisfy a two-part test to be
2   eligible for equitable tolling for mental impairment. Bills v. Clark, 628 F.3d 1092, 1099 (9th
3   Cir.2010). First, a petitioner must show his mental impairment was an "extraordinary circumstance"
4   beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was
5   unable rationally or factually to personally understand the need to timely file, or (b) petitioner's
6   mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Id.
7   Second, the petitioner must show diligence in pursuing the claims to the extent he could understand
8   them, but that the mental impairment made it impossible to meet the filing deadline under the totality
9   of the circumstances, including reasonably available access to assistance.  Id.

10       In this case, Petitioner provides no specifics on his alleged mental illness.  He does not
11  identify the illness and the circumstances surrounding the illness.  Further, he states that he suffered
12  his mental illness "at times." See Opposition at 2.  He provides no further details, such as when the
13  illness occurred, its duration, whether it was during the relevant time period, and how the illness
14  prevented him from timely filing his petition.  As noted by Respondent, to be entitled to equitable
15  tolling, a petitioner must demonstrate that the extraordinary circumstance rendered him incapable
16  during the entire time period, not just "at times" during the limitations period.  Pace, 544 U.S. at
17  410-11, 419; Laws, 351 F.3d at 932; Bills, 628 F.3d at 1100 ("The petitioner therefore always
18  remains accountable for diligence in pursuing his or her rights").  Moreover, despite the alleged
19  ongoing mental illness, Petitioner still managed to file three state habeas petitions and the instant
20  federal petition.  With the exception of June 2010 when Petitioner states he was referred to the
21  Department of Mental Health, he does not claim that his mental illness was any different during the
22  time he filed his state and federal petitions.  While it is true Petitioner spent a couple of days at the
23  Correctional Treatment Center in June of 1010 and was placed on suicide watch, Petitioner admitted
24  that he went on suicide watch because he and his cellmate were "conflicting" and Petitioner needed
25  to get away from his cellmate. (See Resp't's Mot. Dismiss, Ex. A. at 83, 329, 352, 353, 359.)  Since
26  Petitioner's ongoing mental illness did not prevent him from filing his various petitions, Petitioner
27  fails to show the mental illness rendered him unable to timely file the instant federal petition. Gaston
28  v. Palmer, 417 F.3d 1030, 1034 (9th Cir.2005), *reh'g granted, opinion modified*, 447 F.3d 1165 (9th

Cir.2006), *cert. denied*, 127 S.Ct. 979 (2007); Howell v. Roe, 2003 WL 403353 (N.D. Cal.2003) (equitable tolling denied where petitioner had been well enough to file state habeas and other actions). Therefore, he fails to sustain his burden of demonstrating an extraordinary circumstance.

Respondent has submitted Petitioner's complete mental health record for the relevant time from 2010 through 2012. (See Resp't's Mot. Dismiss, Ex. A.) A review of these records reveals no mental disorder so severe as to render Petitioner incapable of filing his federal habeas petition. Significantly, in a psychological assessment conducted on December 21, 2010, which was in the midst of the limitations period, Petitioner demonstrated "clear goal-directed speech and happy mood" and appeared to be "exaggerating and/or feigning symptoms for secondary gain." (Id. at 483.) During a review on June 23, 2011, the psychologist found "[n]o clear symptoms of a major Axis I disorder." (Id. at 484.) His placement in Mental Health Services was in response to his diagnosis of an antisocial personality as reflected by his history of violent outbursts, highly assaultive behaviors, and manipulative behaviors. (Id. at 6, 8, 30, 39, 49, 50, 83, 102, 150, 244, 252, 254, 326, 375, 466, 539.) Yet, the mental health records reflect that from 2010 through 2012 Petitioner was consistently found to be stable, intelligible, oriented, cooperative, high-functioning, alert, articulate, and having a clear cognition and sustained concentration. (Id. at 4, 14, 39, 41, 42, 53, 101, 102, 105, 109, 112, 128, 129, 133, 136, 144, 146, 148, 151, 153, 157, 159, 161, 165, 167, 169, 172, 175, 178, 179, 184, 189, 194, 196, 208, 210, 212, 214, 216, 220, 225, 242, 254, 257, 278, 297, 306, 315, 324, 335, 359, 363, 389, 521, 522-525.) Moreover, Petitioner's alleged mental disorder appeared in large part to be contrived, as noted in almost every psychological evaluation: 3/3/10 ("The patient is currently stable") (Id. at 297); 4/14/10 ("The patient-inmate did a good job maintaining his activities of daily living") (Id. at 315); 5/5/10 ("The patient is doing a good job managing his mental health symptoms") (Id. at 324); 7/5/10 ("no mental health issues reported") (Id. at 372); 7/22/10 (inmate "reports no mental health concerns") (Id. at 370); 9/8/11 ("Seems to be patronizing us with his knowledge of emotion labels") (Id. at 485); 9/21/11 ("Continued impression of manipulative & deceptive behavior") (Id. at 485); 11/2/11 ("He has no serious Axis I disorder") (Id. at 485); 12/8/11 ("Fabrication [and] exaggeration of somatic and psychiatric symptoms for secondary gain") (Id. at 486); 12/23/11 ("[inmate] presents without any visible mood and/or thought disturbances. He

1  appears to be a high functioning individual, who is articulate and intelligent") (Id. at 172); 12/29/11
2  ("Fabrication and exaggeration of MH symptoms for secondary gains") (Id. at 55); 1/26/12
3  (psychiatrist "doubt[s] credibility of [inmate's] symptoms") (Id. at 159); 1/27/12 ("[Inmate] shows
4  no signs of acute anxiety, depression, mania, paranoia, or psychosis. No delusions or hallucinations
5  expressed") (Id. at 156); (2/29/12 ("Fabrication and exaggeration of MH symptoms for secondary
6  gains") (Id. at 37); 4/5/12 ("there seems little reason for him to be included in MHSDS") (Id. at 112);
7  4/16/12 ("No mental health issues at this time") (Id. at 108); 4/26/12 ("[Inmate] has demonstrated on
8  several occasions that he has the capacity to control his irritability, his anger, and his behavior, but
9  he sometimes chooses not to restrain himself") (Id. at 102); 5/3/12 ("as [inmate] has demonstrated
10 his capacity to control his behavior when he wants to, and there is no Axis I diagnosis, we are
11 considering discharge from MHSDS") (Id. at 100).

   Petitioner also reported auditory hallucinations, but he admitted they did not cause him
distress. (Id. at 3, 51, 56, 301, 324, 328, 332, 337, 341, 362.)  Indeed, reviewing psychiatrists
determined that they were "highly suspect" and likely a form of "self-talk." (Id. at 34.)

   Additionally, the Court refers again to the administrative appeal filed by Petitioner on
October 29, 2010. (See Resp't's Mot. Dismiss, Ex. B.)  In his appeal, Petitioner stated he needed
double the amount of time normally allotted because he was attempting to start an appeal on his
criminal case. Id. In light of this record, it is clear Petitioner understood the need to timely file his
petition.

   In summary, the Court has reviewed the mental health records and finds no evidence of a
mental health disorder so severe that Petitioner was unable rationally or factually to personally
understand the need to timely file, or that Petitioner's mental state rendered him unable personally to
prepare a habeas petition and effectuate its filing.  Rather, the records indicate Petitioner's relevant
mental functions were well within normal limits.  The records reflect Petitioner suffered from an
antisocial personality disorder, however, the disorder did not constitute an extraordinary
circumstance beyond his control with rendered him unable to understand the need to timely file his
petition, or to personally prepare his petition and effectuate its filing.  Therefore, Petitioner's
argument for equitable tolling should be denied.

### 3. Need for Evidentiary Hearing

Petitioner argues his claim for equitable tolling should be further explored in an evidentiary hearing. The Court is not persuaded. There is more than sufficient evidence in the form of Petitioner's mental health records from which to make a determination. See Roberts v. Marshall, 627 F.3d 768, 772–73 (9th Cir.2010) ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." (citation omitted)); Laws v. Lamarque, 351 F.3d 919, 924 ("Of course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.").

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 7, 2012**                          /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE